UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

KEITH LONGWISH,

           Plaintiff,           Case No. 1:12-cv-53

v.                                                Honorable Janet T. Neff

MICHIGAN DEPARTMENT OF
CORRECTIONS BUREAU OF HEALTH
CARE SERVICES et al.,

           Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant MDOC Bureau of Health Care Services because it is immune from suit. The Court will serve the complaint against the remaining Defendants.

**Factual Allegations**

Plaintiff is under the custody of the Michigan Department of Corrections (MDOC) and currently is incarcerated at the Duane L. Waters Health Center.  In his *pro se* complaint, Plaintiff sues the MDOC Bureau of Health Care Services; Doctors Isaac Alexis and Shen Anseri; Nurse Angel Shepperd; and the Director of Corizon Prison Health Services, (unknown) Edelman.

Plaintiff suffers from chronic heart problems.  He underwent a heart catheterization in May of 2010 that revealed fifty to sixty percent blockage of his arteries.  At that time, Plaintiff's cardiologist at Allegiance Hospital in Jackson told Plaintiff that nothing needed to be done.  Since that time, Plaintiff has been seen at Allegiance sixteen times for chest pains.  Plaintiff was admitted at the Duane L. Waters Health Center for diagnostic testing on July 17, 2011.  He was sent to Allegiance for chest pains on September 3, 2011, and had a positive stress test the following day.  Plaintiff cardiologist at Allegiance recommended another heart catheterization, but Defendant Edelman denied the request.  When Plaintiff experienced chest pains on five occasions in October and November 2011, he was informed by staff that Defendants Alexis and Edelman had prohibited Plaintiff from being transferred to an outside hospital for treatment.  When Plaintiff was suffering severe chest pains again on December 30, 2011, the nurse told him "that per Dr. Alexis and Dr. Anseri that nothing was going to be done."  (Compl., docket #1, Page ID#3.)  Plaintiff further alleges that since he complained to Defendant Sheppard on November 16, 2011, about the taste of his medication, she has refused to give Plaintiff his medication or to allow another nurse to give him his medication during her shifts.

Plaintiff seeks injunctive relief, as well as monetary damages.

**Discussion**

Plaintiff may not maintain a § 1983 action against the MDOC Bureau of Health Care Services. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653-54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000). As a division of the MDOC, the Bureau of Health Care Services also is immune. In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)). Therefore, the Court dismisses the MDOC Bureau of Health Care Services.

At this stage of the proceedings, the Court finds that Plaintiff's allegations are sufficient to warrant service of the complaint against Defendants Alexis, Anseri, Edelman and Shepperd.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendant MDOC Bureau of Health Care Services will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e, because it is immune. The Court will serve the complaint against Defendants Alexis, Anseri, Edelman and Shepperd.

An Order consistent with this Opinion will be entered.


Dated:  February 10, 2012                 /s/ Janet T. Neff
                                          Janet T. Neff
                                          United States District Judge